510 P.2d 66

**STATE of Arizona, Appellee,**

**v.**

**Burton Charles ROOD, Appellant.**

**No. 2 CA–CR 313.**

Court of Appeals of Arizona, Division 2.

May 22, 1973.

Gary K. Nelson, Atty. Gen., by Ronald L. Crismon and John S. O'Dowd, Asst. Attys. Gen., Tucson, for appellee.

O'Dowd, Fahringer & Diamos, by Clay G. Diamos, Tucson, for appellant.

HOWARD, Judge.

Appellant was convicted of the crime of petty theft with a prior conviction. In his appeal he challenges his in-court identification, the trial court's refusal to permit him to argue to the jury after the State had made its closing argument, and the failure of the State to comply with A.R.S. § 13-1649 subsec. C, as amended, in charging a prior offense.

On March 8, 1971, Patricia M. Collins observed an individual whom she later identified as the appellant in the backyard of her neighbor's house. Appellant was seen taking objects from the clothesline and putting them in his jacket. She observed him for perhaps as long as a minute. Upon seeing Mrs. Collins, appellant got into his car and drove off. Mrs. Collins observed the license number of the automobile, went into her house, wrote the license number down in a telephone book and then called the police.

■ After appellant was arrested a detective from the Tucson Police Department went to the home of Mrs. Collins with approximately eight photographs. He handed the photographs to Mrs. Collins who observed them for about two to five minutes and then picked out the photograph of appellant as being the man whom she had seen taking the clothes. At trial a hearing was held prior to the admission of Mrs. Collins' testimony as to identification, pursuant to the case of State v. Dessureault, 104 Ariz. 380, 453 P. 2d 951 (1969). At that time Mrs. Collins testified that she had not seen the appellant subsequent to the incident and to the photo identification and that her identification of the appellant in the courtroom was based solely upon having observed him at the scene of the crime. Over appellant's objection Mrs. Collins was then permitted to make an in-court identification of appellant. Appellant asserts that Mrs. Collins had one chance in eight of choosing the person whom she saw committing the crime and that the odds could have been increased by omitting appellant's picture from the eight

photographs and thereby give Mrs. Collins an additional choice by stating that the person who committed the theft was not depicted in any of the photographs presented to her. There is no set number of photographs which must be exhibited to an identification witness. Nor do we know of any case which holds that the accused's photo should not be among the pictures shown to the witness. The question is not how many photographs were exhibited, but rather was the procedure used unduly suggestive. We find nothing in the record which indicates that the procedure used by the State in the photograph "line-up" was unduly suggestive.

■ Appellant next contends that the trial court abused its discretion by not allowing appellant to rebut the State's closing argument. Rule 255(7), 17 A.R.S., Ariz.R.Crim.P., provides that "When the evidence is concluded, unless the action is submitted to the jury without argument, counsel may argue the case, counsel for the state opening and closing the argument." The transcript of testimony shows that the county attorney in his closing argument mistakenly wrote the wrong license number on the blackboard while arguing that it was not reasonable to doubt that Mrs. Collins had been mistaken when she wrote the license number she had seen a short time after she saw appellant leaving in his automobile. When appellant's counsel called the county attorney's error to the attention of the court, the county attorney informed the jury that he had been mistaken with respect to the license number of the automobile that he had placed on the board. Appellant apparently contends that this argument concerning the license number on the part of the county attorney was not proper rebuttal. Appellant cannot prevail on this contention for two reasons. First, appellant made no objection on the grounds that the argument was improper rebuttal. Secondly, we have read the argument made both by appellant and appellee and find that the appellee's argument concerning the license number was indeed proper rebuttal.

Appellant also contends that he should have been able, in the interest of justice, to point out to the jury that even the county attorney made a mistake on the license number. We believe that the jury was well apprised of the error and no further argument was necessary.

Lastly, appellant contends that the State did not follow the dictates of A.R.S. § 13–1649, subsec. B, as amended, which reads as follows:

"The court in its discretion may allow the allegation of a prior conviction at any time prior to trial, provided that when the allegation is filed, the state must make available to the defendant a copy of any material or information obtained concerning the prior conviction."

Appellant contends that the State failed to make available to him a copy of the material or information obtained concerning the prior conviction. The transcript of testimony shows that after arguments and instructions were given by the court and the jury had retired, the following discussion took place on the record:

"MR. DIAMOS: I have discussed the matter with the Judge and with Jim Howard. As far as I'm concerned, subject to a legal point I want to make, I think we ought to go ahead, don't you, and admit the prior, should the jury find you guilty of petty theft because it is in the record, it is a Superior Court record here in this Court.

THE DEFENDANT: Whatever would be best.

MR. DIAMOS: We don't want to keep the jury and keep the Judge from finding what is obvious. What they are going to do is bring in the other file and that is the end of it and identify you as the same Burton Rood by Bob Long. I think that was the way you were going to do it. Subject to legal matters I want to take up with the Judge, I think we ought to do it that way, Burton. Is that okay?

THE DEFENDANT: Fine.

THE COURT: Mr. Rood, let me ask you then, this is only in case the jury does return a verdict of guilty on a petty theft, then, in that event, rather than having the jury decide the truth, whether the prior allegation is true or false, you, at this time admit in and for the County of Pima, State of Arizona, Superior Court on February 1, 1965, in Case No. A–14427, you were convicted of the crime of child molesting with a prior conviction. You are admitting that prior conviction?

THE DEFENDANT: Yes."

■ After appellant admitted the prior conviction, appellant's attorney attempted then to attack the method that the State was going to use in proving the prior conviction. The judge overruled the objections made by appellant's attorney on the grounds that he had admitted the prior and therefore the questions he was raising were moot. Appellant now attempts to attack the method which the State was proposing to use in the proof of the prior. This appellant cannot do. Having admitted the prior conviction, the matters raised by appellant are purely academic. Appellant had the choice of either admitting the prior or denying the same and putting the State to its proof. He cannot do both.

Affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.